Hart, J.,
dissenting. In my opinion, the suitability of the work here offered, so far as it related to morals, is not involved. If the work was properly suitable for another person as to morals, it was so suitable for the claimant so far as the character of the work itself was concerned. The claimant chose not to work because of a religious belief concerning the observance as the Sabbath of one of the days of the work-week period, which she had a perfect right to do. However, if she thus voluntarily disqualified herself on that account, she disqualified herself under the law to receive unemployment compensation for that same week period, including the day upon which she could not, because of religious belief, work in any event. Incidentally, the position of the claimant reveals an odd type of conscience, the philosophy of which precludes her from working on Saturday but approves her seeking of compensation for that same day of unemployment.
*258 The statute itself, Section 1345-6, General Code, subsection e (123 Ohio Laws-, 559), specifically enumerates the instances where the applicant for compensation will not be denied benefits because of refusal to accept new work. They are:
“ (1) Asa condition of being so employed, he would be required to join a company union, or to resign from or refrain from joining any bona fide labor organization, or would be denied the right to retain membership in and observe the lawful rules of any such organization; or
“ (2) The position offered is vacant due directly to a strike, lockout, or other labor dispute; or
“ (3) The work is at an unreasonable distance from his residence * * * or
“(4) The remuneration, hours, or other conditions of the work offered are substantially less favorable than those prevailing for similar work in the locality.”
In addition Section 1345-6, subsection f, provides that in determining whether any work is suitable for a claimant, the administrator shall consider the degree of risk to claimant’s health, safety and morals, physical fitness for the work, prior training and experience, prior earnings, length of unemployment, distance of available work from his residence and his prospects for obtaining local work.
In the case of Chambers v. Owens-Ames-Kimball Co., 146 Ohio St., 559, 67 N. E. (2d), 439, 165 A. L. R., 1373, this court held:
‘‘An interpretation of the terms of Section 1345-6 e (1), General Code, which would permit a member of a labor organization to refuse an offer of work on the ground that its acceptance would violate the rules of his organization and still remain eligible for unemployment compensation benefits, while a nonmember of a labor organization by virtue of the terms of the same statute' would not be eligible for such benefits if he *259 refused to accept the same work tendered under the same circumstances, would result in an unconstitutional operation of the statute.”
The unemployment compensation law is not based upon the premise that one may refuse employment because of some personal belief or because of membership in a certain organization, and at the same time enjoy unemployment compensation at the indirect but real expense of another who must accept the same character of employment or suffer a loss of compensation.
Weyganbt, C. J., concurs in the foregoing dissenting opinion.